Pro Se 1 (Rev. 12/16) Complaint for a Civil Case



FILED
12/27/2022
KRA
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Eastern Division

| | |
|---|---|
| Tamara C. Daniels <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Mr. Robert L. Santos, Director, US Census Bureau <br> Ms. Gina M. Raimondo, Secretary, US Department of Commerce <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 1:22-cv-04027 <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.      The Parties to This Complaint**

    **A.      The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Tamara C. Daniels |
| Street Address | 8747 S Blackstone Ave |
| City and County | Chicago, Cook |
| State and Zip Code | IL, 60619 |
| Telephone Number | 773-368-4050 |
| E-mail Address | tamaracdaniels@yahoo.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Robert L. Santos |
| Job or Title *(if known)* | Director |
| Street Address | 4600 Silver Hill Road |
| City and County | Suitland-Silver Hill, Prince George's County |
| State and Zip Code | MD, 20746 |
| Telephone Number | 301-763-6962 |
| E-mail Address *(if known)* | robert.l.santos@census.gov or robert.santos@census.gov |

Defendant No. 2

| | |
|---|---|
| Name | Robert L. Santos |
| Job or Title *(if known)* | Director |
| Street Address | 1401 Constitution Ave |
| City and County | Washington |
| State and Zip Code | DC, 20230 |
| Telephone Number | 630-288-6200 |
| E-mail Address *(if known)* | robert.l.santos@census.gov or robert.santos@census.gov |

Defendant No. 3

| | |
|---|---|
| Name | Gina Raimondo |
| Job or Title *(if known)* | Secretary |
| Street Address | 1401 Constitution Ave |
| City and County | Washington |
| State and Zip Code | DC, 20230 |
| Telephone Number | 630-288-6200 |
| E-mail Address *(if known)* | Gina.M.Raimondo@census.gov or gina.raimondo@census.gov |

Defendant No. 4

| | |
|---|---|
| Name | Marilyn A Sanders |
| Job or Title *(if known)* | Regional Diretor |
| Street Address | 1111 W 22nd |
| City and County | Oakbook, DuPage |
| State and Zip Code | IL 60523 |
| Telephone Number | 630-288-9300, 312-730-5251 |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

| | |
|---|---|
| E-mail Address *(if known)* | marilyn.a.sanders@census.gov |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Recordkeeping Requirements

EEOC Regulations require that employers keep all personnel or employment records for one year. If an employee is involuntarily terminated, his/her personnel records must be retained for one year from the date of termination.
Under ADEA recordkeeping requirements, employers must also keep all payroll records for three years. Additionally, employers must keep on file any employee benefit plan (such as pension and insurance plans) and any written seniority or merit system for the full period the plan or system is in effect and for at least one year after its termination.
Under Fair Labor Standards Act (FLSA) recordkeeping requirements applicable to the EPA, employers must keep payroll records for at least three years. In addition, employers must keep for at least two years all records (including wage rates, job evaluations, seniority and merit systems, and collective bargaining agreements) that explain the basis for paying different wages to employees of opposite sexes in the same establishment.
These requirements apply to all employers covered by Federal anti-discrimination laws, regardless of whether a charge has been filed against the employer.
When a Charge Has Been Filed
The EEOC Notice of Charge form that you receive should explain the agency's record keeping requirements. When an EEOC charge has been filed against your company, you should retain personnel or employment records relating to the issues under investigation as a result of the charge, including those related to the charging party or other persons alleged to be aggrieved and to all other employees holding or seeking positions similar to that held or sought by the affected individual(s). Once a charge is filed, these records must be kept until the final disposition of the charge or any lawsuit based on the charge. When a charge is not resolved after investigation, and the charging party has received a notice of right to sue, "final disposition" means the date of expiration of the 90-day statutory period within which the aggrieved person may bring suit or, where suit is brought by the charging party or the EEOC, the date on which the litigation is terminated, including any appeals.
Summary of Selected Recordkeeping Obligations in 29 CFR Part 1602

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B. If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b. If the defendant is a corporation
    The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

    *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

    The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

In the opinion of the courts, the punishment of termination was too harsh for the offense committed. Plaintiff Tamara C. Daniels is accused of working overtime without permission and is also said to have violated FMLA policy by working while on leave. Under special circumstances of this situation, Plaintiff followed accurate measures to notify supervisors about issues relative to her responsibilities and those of her subordinates, but supervisors failed to respond. She held her post as Admin Manager in the Regional Technician position until she was able to be relieved of her duties, which wasn't until 3 to 4 days after requesting advisement from supervisors. Supervisor Willie Rogers initiated termination for employee for maintaining her post instead of abandoning it.

Incident took place in February of 2020, but plaintiff was terminated at the end of July of 2020. Prior to February of 2020, plaintiff initiated EEO (August 16, 2019) and Workers Compensation claims against the office. Shortly after participating in a hearing for the workers compensation case and receiving notice that she won the case, she was terminated. She received the notice that she won on a Monday and was terminated on the Thursday of that same week in July 2020.

Plaintiff is arguing that the termination was retaliation for filing the claims, participating in the proceedings and being awarded for the claim. Defendant has also declined to provide plaintiff with her personnel records, which are legally owed to her. Defendant also declined response to discovery questions presented by plaintiff, and also committed perjury, refusing to sign their given testimony.

Due to the refusal of the office to provide the ENTIRE personnel file, employee was unable to apply for federal positions, nor unemployment for an extended period of time. Termination took place in July 2020, and employee did not receive partial records until July 2021. Employee cannot vie for employment at the GS11/GS13 level without the records and can only apply for GS7 positions, which she is overqualified for. Defendant has also claimed that it made an accounting error in October of 2018 with leave hours and is now trying to recoup monies for their error, which strangely came about after employee was terminated.

Plaintiff is arguing that if the office was permitted to release part of the employee's personnel file, per FOIA regulations, it should have the ability to produce the ENTIRE file, which would clear the plaintiff's name of any wrongdoing regarding the situation above and further prove that at the time of termination and even at the time of the February incident, the plaintiff was in good standing, deeming the termination and failure to produce her personnel records retaliatory.

Plaintiff has tried to resolve matters with defendant on a number of occasions, but was ignored and invitations for discussion declined. This has resulted in the filing of this civil suit against the agency. Documentation in the form of certified mail (as recent as June 25, 2022 and as early as November 2019) and emails can be provided as evidence of the attempt to resolve these matters. If complainant wasn't terminated, she would have continued working well into year 2021, as census operations were extended past its April 2021 due date. Plaintiff is requesting receipt of her ENTIRE personnel file, in addition to compensation of lost work from the date of termination, July 29, 2020 to present, totaling $192,000 in lost wages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff is filing civil suit for personnel records and lost wages, in addition to damages due to unlawful/retaliatory termination.

Complainant requested her entire personnel file, specifically: SF50's, final paystubs, performance appraisals, leave audits, CLC transcript, clarification on receiving multiple termination letters, and a copy of her employment file

Listed below are the items that are still missing:
- Dates when demotion was requested by Nakia Bartley and when the action was approved
- Dates when termination were requested by Will Rogers and when the action was approved
- Final Paystubs
- Two leave audits
- CLC transcript
- Three additional performance appraisals have not been produced by the agency; one issued by Joe Boyle (prior to assignment to Nakia Bartley), and two others by Shane Johnson, which also document scores of 5 (after Nakia Bartley's approval for complainant's demotion and assignment to Shane Johnson)
- And any other documents that reside in complainant's "entire personnel file" for the Census Bureau

In reference to case: 63-2021-00395D.

Claim: Complainant was retaliated against by nonproduction of entire personnel file. Records are being released piecemeal to try to defame complainant; only those of a possible negative nature have been produced and only after the discovery period has passed, which does not allow complainant time for due process or the ability to adequately defend herself, nor resolve this matter.

Complainant not only requested documents in person; first at the Chicago Regional Office when first demoted, but second, in person at the Louisville, Kentucky location. She then also submitted two FOIA requests, the agency lawyer – Carla Eldred, also personally reached out to all responsible departments that house her personnel records. All attempts were denied, including during interactions with a second agency lawyer named Christian Malik.

Complainant had adhered to all required protocol and has even followed standard procedures of contacting the Regional Director when issues cannot be resolved at the managerial level. To this date, complainant has still received a "no response" to her inquiries and requests.

The agency has now requested an extension for providing complainant's entire personnel file of 7/27/2021, a request of one day after complainant's response to summary judgement is due to the courts on 7/26/2021. And the FOIA office granted this request despite the details that had been presented about complainant's filing against the agency. This falls under the guise of suspicious timing.

Please see EEOC definitions of suspicious timing, which can be found here:
https://www.eeoc.gov/laws/guidance/questions-and-answers-enforcement-guidance-retaliation-and-related-issues

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

- Reinstatement to position with the decennial, a permanent census position out of HQ in Washington, DC, or a permanent position within a different government agency
- Compensation for time missed from work (from date of termination, July 29, 2020 to present, totaling $192,000 in lost wages), including holiday pay, while terminated until reinstated
- Monetary award for $400,000
- Bonus money awarded to RCC field department staff for decennial work
- Lawyer fees reimbursed
- Compensation for damages to earning potential due to the demotion from area manager back to regional technician
- Damages in the amount of $5,000,000 for loss of ability to qualify for financing for an important project to advance my career and countless hours spent working on this case.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/26/2022

Signature of Plaintiff
Printed Name of Plaintiff    Tamara C. Daniels

B. **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

|  |  |
|---|---|
| Bar Number | |
| Name of Law Firm | |
| Street Address | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address | |

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

- Reinstatement to position with the decennial, a permanent census position out of HQ in Washington, DC, or a permanent position within a different government agency
- Compensation for time missed from work (from date of termination, July 29, 2020 to present, totaling $192,000 in lost wages), including holiday pay, while terminated until reinstated
- Monetary award for $400,000
- Bonus money awarded to RCC field department staff for decennial work
- Lawyer fees reimbursed
- Compensation for damages to earning potential due to the demotion from area manager back to regional technician
- Damages in the amount of $5,000,000 for loss of ability to qualify for financing for an important project to advance my career and countless hours spent working on this case.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/26/2022

Signature of Plaintiff: *Tamara C. Daniels*

Printed Name of Plaintiff: Tamara C. Daniels

### B. For Attorneys

Date of signing:

Signature of Attorney:

Printed Name of Attorney: