UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA C. DANIELS, <br><br>                Plaintiff, <br><br>    v. <br><br>ROBERT L. SANTOS, Director, United States Census Bureau, <br><br>                Defendant. | No. 22 C 4027 <br><br> Judge Kennelly |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Gina Raimondo, Secretary, United States Department of Commerce, by her attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, for her answer to the complaint, states as follows:

### First Defense

Plaintiff failed to exhaust required administrative remedies for any claims that were not found timely and accepted for investigation administratively by the Department of Commerce.

### Second Defense

Answering the specific allegations of the complaint, the defendant admits, denies, or otherwise avers as follows:

**I. Parties**

    **Complaint:** The plaintiff's amended complaint names as defendants: Robert L. Santos, the Director of the Bureau of the Census; Gina Raimondo, the Secretary of the Department of Commerce; and Marilyn A. Sanders, a Census Bureau regional director.

    **Response:** The proper defendant in a Title VII case is "the head of the department, agency or unit, as appropriate." 29 U.S.C. § 2000e-16(c). In this case, that means the head of the Department of Commerce, Gina Raimondo.

II.     **Basis for Jurisdiction**

   1.   **Complaint:**   The complaint alleges federal question jurisdiction.[1]

        **Response:**   Admit the court has jurisdiction.

   2.   **Complaint:**   List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Recordkeeping Requirements
EEOC Regulations require that employers keep all personnel or employment records for one year. If an employee is involuntarily terminated, his/her personnel records must be retained for one year from the date of termination.

        **Response:**   Admit that this statement paraphrases a summary of recordkeeping requirements listed on an EEOC Website.

   3.   **Complaint:**   Under ADEA recordkeeping requirements, employers must also keep all payroll records for three years. Additionally, employers must keep on file any employee benefit plan (such as pension and insurance plans) and any written seniority or merit system for the full period the plan or system is in effect and for at least one year after its termination.

        **Response:**   Admit that this statement paraphrases a summary of recordkeeping requirements listed on an EEOC Website.

   4.   **Complaint:**   Under Fair Labor Standards Act (FLSA) recordkeeping requirements applicable to the EPA, employers must keep payroll records for at least three years. In addition, employers must keep for at least two years all records (including wage rates, job evaluations, seniority and merit systems, and collective bargaining agreements) that explain the basis for paying different wages to employees of opposite sexes in the same establishment.

        **Response:**   Admit that this statement paraphrases a summary of recordkeeping requirements listed on an EEOC Website.

   5.   **Complaint:**   These requirements apply to all employers covered by Federal anti-discrimination laws, regardless of whether a charge has been filed against the employer.

        **Response:**   Admit that this statement paraphrases a summary of recordkeeping requirements listed on an EEOC Website.

---

[1] The paragraph numbering is supplied by defendant. The paragraphs in the amended complaint are not numbered.

6. **Complaint:** When a Charge Has Been Filed. The EEOC Notice of Charge form that you receive should explain the agency's record keeping requirements. When an EEOC charge has been filed against your company, you should retain personnel or employment records relating to the issues under investigation as a result of the charge, including those related to the charging party or other persons alleged to be aggrieved and to all other employees holding or seeking positions similar to that held or sought by the affected individual(s).

**Response:** Admit that this statement paraphrases a summary of recordkeeping requirements listed on an EEOC Website.

7. **Complaint:** Once a charge is filed, these records must be kept until the final disposition of the charge or any lawsuit based on the charge. When a charge is not resolved after investigation, and the charging party has received a notice of right to sue, "final disposition" means the date of expiration of the 90-day statutory period within which the aggrieved person may bring suit or, where suit is brought by the charging party or the EEOC, the date on which the litigation is terminated, including any appeals. Summary of Selected Recordkeeping Obligations in 29 CFR Part 1602

**Response:** Admit that this statement paraphrases a summary of recordkeeping requirements listed on an EEOC Website.

**The Amount in Controversy**

8. **Complaint:** The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because:
In the opinion of the courts, the punishment of termination was too harsh for the offense committed. Plaintiff Tamara C. Daniels is accused of working overtime without permission and is also said to have violated FMLA policy by working while on leave. Under special circumstances of this situation, Plaintiff followed accurate measures to notify supervisors about issues relative to her responsibilities and those of her subordinates, but supervisors failed to respond. She held her post as Admin Manager in the Regional Technician position until she was able to be relieved of her duties, which wasn't until 3 to 4 days after requesting advisement from supervisors. Supervisor Willie Rogers initiated termination for employee for maintaining her post instead of abandoning it.

**Response:** Admit that plaintiff was terminated for failing to follow proper procedures regarding overtime and premium pay and failing to follow supervisory instruction. Admit that plaintiff's supervisor, Willie Rogers, made decision to terminate plaintiff. Defendant denies the remaining allegations of this paragraph.

9. **Complaint:** Incident took place in February of 2020, but plaintiff was terminated at the end of July of 2020. Prior to February of 2020, plaintiff initiated EEO (August 16, 2019) and Workers Compensation claims against the office. Shortly after participating in a hearing for the workers compensation case and receiving notice that she won the case, she was terminated. She received the notice that she won on a Monday and was terminated on the Thursday of that same week in July 2020.

**Response:** Admit plaintiff was terminated effective July 24, 2020, and that plaintiff filed EEO Complaint Number 63-2019-00435D on October 6, 2019. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

10. **Complaint:** Plaintiff is arguing that the termination was retaliation for filing the claims, participating in the proceedings and being awarded for the claim. Defendant has also declined to provide plaintiff with her personnel records, which are legally owed to her. Defendant also declined response to discovery questions presented by plaintiff, and also committed perjury, refusing to sign their given testimony.

**Response:** Defendant denies the allegations of this paragraph.

11. **Complaint:** Due to the refusal of the office to provide the ENTIRE personnel file, employee was unable to apply for federal positions, nor unemployment for an extended period of time. Termination took place in July 2020, and employee did not receive partial records until July 2021. Employee cannot vie for employment at the GS11/GS13 level without the records and can only apply for GS7 positions, which she is overqualified for. Defendant has also claimed that it made an accounting error in October of 2018 with leave hours and is now trying to recoup monies for their error, which strangely came about after employee was terminated.

**Response:** Admit that plaintiff was terminated effective July 24, 2020. Defendant denies remaining the allegations of this paragraph.

12. **Complaint:** Plaintiff is arguing that if the office was permitted to release part of the employee's personnel file, per FOIA regulations, it should have the ability to produce the ENTIRE file, which would clear the plaintiff's name of any wrongdoing regarding the situation above and further prove that at the time of termination and even at the time of the February incident, the plaintiff was in good standing, deeming the termination and failure to produce her personnel records retaliatory.

**Response:** Defendant denies the allegations of this paragraph.

13. **Complaint:** Plaintiff has tried to resolve matters with defendant on a number of occasions, but was ignored and invitations for discussion declined. This has resulted in the filing of this civil suit against the agency. Documentation in the form of certified mail (as recent as June 25, 2022 and as early as November 2019) and emails can be provided as evidence of the attempt

to resolve these matters. If complainant wasn't terminated, she would have continued working well into year 2021, as census operations were extended past its April 2021 due date. Plaintiff is requesting receipt of her ENTIRE personnel file, in addition to compensation of lost work from the date of termination, July 29, 2020 to present, totaling $192,000 in lost wages.

**Response:** Admit that this paragraph states some of plaintiff's demands. Admit that plaintiff filed this suit. Defendant denies the remaining allegations of this paragraph.

### III. Statement of Claim

14. **Complaint:** Plaintiff is filing civil suit for personnel records and lost wages, in addition to damages due to unlawful/retaliatory termination.

**Response:** Admit that plaintiff filed this civil suit. Defendant denies that she is entitled to any relief.

15. **Complaint:** Complainant requested her entire personnel file, specifically: SF50's, final paystubs, performance appraisals, leave audits, CLC transcript, clarification on receiving multiple termination letters, and a copy of her employment file.

**Response:** Admit that plaintiff made a request to the U.S. Census Bureau Freedom of Information Act (FOIA) Office on June 17, 2021, and clarified on June 27, 2021, that she was requesting all documents in her personnel file. Defendant denies the remaining allegations of this paragraph.

16. **Complaint:** Listed below are the items that are still missing:
- Dates when demotion was requested by Nakia Bartley and when the action was approved
- Dates when termination were requested by Will Rogers and when the action was approved
- Final Paystubs
- Two leave audits
- CLC transcript
- Three additional performance appraisals have not been produced by the agency; one issued by Joe Boyle (prior to assignment to Nakia Bartley), and two others by Shane Johnson, which also document scores of 5 (after Nakia Bartley's approval for complainant's demotion and assignment to Shane Johnson)
- And any other documents that reside in complainant's "entire personnel file" for the Census Bureau

**Response:** Defendant denies the allegations of this paragraph.

17. **Complaint:** In reference to case: 63-2021-00395D.

5

Claim: Complainant was retaliated against by nonproduction of entire personnel file. Records are being released piecemeal to try to defame complainant; only those of a possible negative nature have been produced and only after the discovery period has passed, which does not allow complainant time for due process or the ability to adequately defend herself, nor resolve this matter.

**Response:** Defendant denies the allegations of this paragraph.

18. **Complaint:** Complainant not only requested documents in person; first at the Chicago Regional Office when first demoted, but second, in person at the Louisville, Kentucky location. She then also submitted two FOIA requests, the agency lawyer – Carla Eldred, also personally reached out to all responsible departments that house her personnel records. All attempts were denied, including during interactions with a second agency lawyer named Christian Malik.

**Response:** Admit that plaintiff made a FOIA and Privacy Act request to the United States Census Bureau's Freedom of Information Act (FOIA) Office on June 17, 2021. Defendant denies that it refused the request. The U.S. Census Bureau FOIA Office provided plaintiff's personnel file to her on August 26, 2021, with the only redactions being of the date of birth, social security number, and a telephone number pursuant to FOIA Exemption 6, Title 5 United States Code, Section 552(b)(6). Defendant denies the remaining allegations of this paragraph.

19. **Complaint:** Complainant had adhered to all required protocol and has even followed standard procedures of contacting the Regional Director when issues cannot be resolved at the managerial level. To this date, complainant has still received a "no response" to her inquiries and requests.

**Response:** Defendant denies the allegations of this paragraph.

20. **Complaint:** The agency has now requested an extension for providing complainant's entire personnel file of 7/27/2021, a request of one day after complainant's response to summary judgement is due to the courts on 7/26/2021. And the FOIA office granted this request despite the details that had been presented about complainant's filing against the agency. This falls under the guise of suspicious timing.

**Response:** Defendant denies the allegations of this paragraph and states that the U.S. Census Bureau FOIA Office provided plaintiff's personnel file to her on August 26, 2021.

21. **Complaint:** Please see EEOC definitions of suspicious timing, which can be found here: https://www.eeoc.gov/laws/guidance/questions-and-answers-enforcement-guidance-retaliation-and-relatedissues

**Response:** Defendant denies that there was suspicious timing.

WHEREFORE, the defendant requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Jonathan Haile
    JONATHAN HAILE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-2055
    jonathan.haile@usdoj.gov