IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA DANIELS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GINA RAIMONDI, Secretary, United )<br>States Department of Commerce, )<br>)<br>Defendant. ) | Case No. 22 C 4027 |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Tamara Daniels filed a *pro se* lawsuit under the Freedom of Information Act (FOIA) against the U.S. Department of Commerce, where she formerly was employed. The Court appointed counsel to represent Ms. Daniels and thanks that attorney, Colleen Thomas, for her thorough and diligent service on Ms. Daniels's behalf. The Secretary of Commerce has moved for summary judgment. For the reasons stated below, the Court grants the Secretary's motion.

### Background

The following facts are undisputed unless otherwise noted. Ms. Daniels was employed by the Census Bureau, which is an agency within the Department of Commerce. She was terminated on July 24, 2020 on the basis that she had worked overtime without permission and had violated the Bureau's FMLA policy by working while on leave. Prior to her termination, in October 2019, Ms. Daniels had filed an

internal equal employment opportunity (EEO) complaint, the basis of which is not known to the Court.

In June 2021, a little under a year after her termination, Ms. Daniels submitted a request to the Census Bureau FOIA office for "any documents in your possession relative to Tamara C. Daniels, employee of the Census Bureau." Def.'s Ex. 1 (McKenzie declaration) ¶ 3. FOIA officer Vernon Curry then clarified with Ms. Daniels that she was seeking her entire personnel file for the period covering November 2018 through August 2021. *Id.* ¶ 6; Def.'s Ex. 1D (BC-300 form).

On August 25, 2021, Mr. Curry, on behalf of the Census Bureau, sent Ms. Daniels twenty-three pages, which the Census Bureau says it regarded as her personnel file. Def.'s Ex. 1 ¶ 7. Ms. Daniels then filed this lawsuit, contending that the file was missing documents and that the Census Bureau therefore had not fulfilled her FOIA request. Later, after the Court appointed counsel to represent Ms. Daniels, counsel requested the following documents, which Ms. Daniels contended were missing from the Bureau's FOIA production: 1) 3/21/2019 progress review, 2) 4/24/2020 progress review, 3) 6/30/2020 progress review, 4) 2019 performance plan, 5) 2020 performance plan, 6) communications related to Daniels's return to a previous position in 2019, and 7) communications related to her termination in 2020. Def.'s Ex. 4 (Nov. 27, 2023 e-mail). Defense counsel informed Ms. Daniels that the documents she sought were not—in the Census Bureau's view—part of her personnel file, but counsel nonetheless relayed the request to the Census Bureau.

Following receipt of the request, the Census Bureau searched digitized and hard copy files, contacted Ms. Daniels' former supervisors and human resources

2

representatives, requested a search of EEO case files, and reviewed an e-mail search by the Bureau's Policy Coordination Office. Def.'s Ex. 5 (February 6, 2024 e-mail); Def.'s Ex. 6 (Rhonda Baksa declaration) ¶ 4. This search uncovered Daniels's March 2019 progress review, her 2019 and 2020 performance plans, and e-mails related to her termination. Def.'s Ex. 6 ¶ 5. The Census Bureau represented that these were all of the requested materials that it could locate via its search, and it produced them to Ms. Daniels through her counsel. Def.'s Ex. 5. According to the Census Bureau, it was unable to locate Ms. Daniels's 4/24/2020 and 6/30/2020 progress reviews. Def.'s Ex. 6 ¶ 6.

Ms. Daniels contends that the 2019 performance plan completed by Deborah Stanley and the progress review completed by John Gibbs that have been produced to her are fabricated documents. Pl.'s Stat. of Add'l Facts ¶ 15. Specifically, Ms. Daniels contends that she did not work under Ms. Stanley long enough to be evaluated by her, *id.*, and that Mr. Gibbs told her that he never prepared an evaluation of her. *Id.* ¶ 19. Ms. Daniels also contends that a letter from Marilyn Sanders that was produced, in which Ms. Sanders requested Ms. Daniels's transfer to a different position, is fabricated because Ms. Sanders did not sign the letter and because she allegedly did not know of Ms. Daniels's transfer until informed by Ms. Daniels. *Id.* ¶ 20.

The Secretary of Commerce has now moved for summary judgment on Ms. Daniels's claims. For the reasons explained below, the Court grants the motion.

## Discussion

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine dispute regarding any material fact and that the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding the Secretary's motion, the Court draws reasonable inferences in favor of Ms. Daniels, the nonmoving party. *Cremation Soc'y of Ill., Inc. v. Int'l Bhd. of Teamsters Local 727*, 869 F.3d 610, 616 (7th Cir. 2017). In a FOIA case, an agency is entitled to summary judgment if it establishes there are no disputes of material fact regarding "the adequacy of its search for or production of responsive records." *Stevens v. Broadcast Bd. of Governors*, No. 18 C 5391, 2021 WL 1192672, at *1 (N.D. Ill. Mar. 30, 2021) (Rowland, J.). But an inability to find documents after a diligent search does not preclude summary judgment. *Rubman v. U.S. Citizenship & Immig. Servs.*, 800 F.3d 381, 387 (7th Cir. 2015).

If an agency receives a proper FOIA request that "reasonably describes" the records sought, then it must disclose all documents responsive to the request. 5 U.S.C. § 552(a)(3)(A). Ms. Daniels initially requested "any documents in your possession relative to Tamara C. Daniels, employee of the Census Bureau." Def.'s Ex. 1 ¶ 3. The Secretary contends that this initial request did not reasonably describe the records Ms. Daniels sought, but the FOIA officer then clarified with Ms. Daniels that she was requesting her personnel file for the period covering August 2018 through November 2021. *Id.* ¶ 6; Def.'s Ex. 1D. The Census Bureau then sent Ms. Daniels what it contended was her personnel file. This was missing a number of documents that Ms. Daniels contended should have been there: her 3/21/2019, 4/24/2020, and 6/30/2020

4

progress reviews, her 2019 and 2020 performance plans, and communications related to her return to a previous position in 2019 and her termination in 2020.  *See* Def.'s Ex. 4 (Nov. 27, 2023 e-mail).  After this lawsuit was filed, court-appointed counsel requested the missing items.  The materials provided by the Census Bureau establish that it searched digitized and hard copy files, contacted Ms. Daniels' former supervisors and human resources personnel, requested a search of EEO case files, and reviewed an e-mail search by the Bureau's Policy Coordination Office.  *Id.*  It located and produced some, but not all, of the additional records Ms. Daniels sought:  the 4/24/2020 and 6/30/2020 progress reviews were still missing.

An agency must conduct an adequate search of documents upon receipt of a FOIA request.  5 U.S.C. § 552(a)(3)(C).  Under the FOIA, an inadequate search for records amounts to an improper withholding of records. *See, e.g., Maydak v. U.S. Dep't of Justice*, 254 F.Supp.2d 23, 44 (D.D.C. 2003) (citing *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).  An adequate search is one that is performed in good faith and is reasonably designed to turn up the requested records.  *Rubman*, 800 F.3d at 384.  Daniels contends the search was inadequate because two of the records she sought are still missing.

Courts have considered "reasonably detailed nonconclusory affidavits submitted in good faith" by the agency to determine whether it conducted an adequate search. *Matter of Wade*, 969 F.2d 241, 249 n.11 (7th Cir. 1992).  A reasonably detailed affidavit that includes the search terms and type of search performed "is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary

5

judgment." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The FOIA requester may submit "countervailing evidence" for the court to consider in assessing the adequacy of the search. *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003). If any of the evidence raises doubt regarding the adequacy of the search, then summary judgment is inappropriate. *Id.*

In this case, the Census Bureau submitted affidavits from three agency representatives who participated in the search for Daniels' documents. *See* Def.'s Ex. 1 (McKenzie declaration); Ex. 6 (Rhonda Baksa declaration); Ex. 8 (Trina Flanagan declaration). All three affidavits describe the locations the declarants searched, the search terms they used, the offices they contacted, and the documents they uncovered. The affidavits make clear that the Census Bureau conducted a search reasonably designed to reveal the requested records, even if two of the items Ms. Daniels sought ultimately were not found.

Good faith of the affidavit submissions is presumed, *see SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and Ms. Daniels has not offered any evidence that would rebut this presumption. The fact that not all of the records she believes should exist were produced is insufficient to give rise to a genuine dispute of material fact.

Ms. Daniels says she needs the missing reviews to apply for GS11/GS13 level federal positions, and she contends the Census Bureau is withholding the reviews to prevent her from applying for such positions. But Ms. Daniels provides no evidence to support this contention. "[A]n agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the

6

determination that the agency conducted an adequate search for the requested records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004).

The Court concludes that the Secretary is entitled to summary judgment because it has demonstrated that it conducted, in good faith, a reasonably designed and adequate search for the requested records and produced all responsive records that it could locate. No reasonable finder of fact could find otherwise based on the record before the Court.

As noted earlier, Ms. Daniels contends that two of the evaluations and a letter titled "Return to Regional Technical Position" sent to her by the Census Bureau, have been fabricated by Census Bureau employees. Pl.'s Stat. of Add'l Facts ¶ 15. Ms. Daniels's rationale for her contention—discussed earlier—does not hold water. Specifically, the fact that she did not work all that long under one of the evaluators and the fact that the other did not expressly tell her he had completed an evaluation do not mean, or even suggest, that the evaluations are fakes. But even if Ms. Daniels were correct in her contention, fabrication of records is not a violation of the FOIA, and it would not entitle her to any relief in this case.

Ms. Daniels also seeks damages due to the Census Bureau's apparent failure to maintain the records that Ms. Daniels contends should be there but have not been produced. But the sole remedy for a plaintiff in a FOIA case is injunctive relief. *See* 5 U.S.C. § 552(a)(4)(B). A court can direct an agency to produce documents that it is improperly withholding under one or more of nine FOIA statutory withholding exemptions, *see id.* § 552(b)-(c); *Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163 (D.D.C. 2013), but the Census Bureau is not withholding documents based

7

on an exemption. In short, there is no basis for entry of an injunction here, and damages are not an available form of relief under the FOIA even if Ms. Daniels were entitled to some form of relief, which she has not shown. *See Cornucopia Institute v. U.S. Dep't of Agriculture*, 560 F.3d 673, 675 n.1 (7th Cir. 2009).

## Conclusion

For the reasons stated above, the Court grants the defendant's motion for summary judgment [dkt. no. 46] and directs the Clerk to enter judgment stating: Judgment is entered in favor of the defendant and against the plaintiff.

Date: July 29, 2024

_____
MATTHEW F. KENNELLY
United States District Judge